ERASMO NAVARRO, Plaintiff, v PC GROUP, LLC, Defendant, and TRADES CONSTRUCTION SERVICES CORP., Defendant/Third-Party Plaintiff-Respondent. MT. HAWLEY INSURANCE COMPANY, Third-Party Defendant-Appellant. (And a Fourth-Party Action.) [954 NYS2d 167]—

In an action to recover damages for personal injuries, and a third-party action for a judgment declaring that the third-party defendant is obligated to defend and indemnify the defendant third-party plaintiff in the main action, the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated August 2, 2011, as denied its motion for summary judgment declaring that it is not obligated to defend and indemnify the defendant third-party plaintiff in the main action, and granted that branch of the defendant third-party plaintiff's cross motion which was for summary judgment declaring that it is so obligated.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the third-party defendant's motion for summary judgment declaring that it is not obligated to defend and indemnify the defendant third-party plaintiff in the main action is granted, that branch of the defendant third-party plaintiff's cross motion which was for summary judgment declaring that the third-party defendant is so obligated is

denied, and the matter is remitted to the Supreme Court, Kings County, for the severance of the third-party action and the entry of a judgment declaring that the third-party defendant is not obligated to defend and indemnify the defendant third-party plaintiff in the main action.

In the course of the development of a residential property on Staten Island, the plaintiff, an employee of Total Building & Condo Maintenance, allegedly fell off a ladder and sustained injuries. The general contractor, the defendant third-party plaintiff, Trades Construction Services Corp. (hereinafter Trades), sought a defense and indemnification from its insurer, the third-party defendant, Mt. Hawley Insurance Company (hereinafter Mt. Hawley). However, Mt. Hawley denied coverage on the ground that Trades had not complied with certain conditions to coverage under endorsement 102A of the Mt. Hawley policy. After the plaintiff commenced an action against, among others, Trades, Trades commenced a third-party action against Mt. Hawley for a judgment declaring that Mt. Hawley is obligated to defend and indemnify it in the main action. Mt. Hawley moved for summary judgment declaring that it is not obligated to defend and indemnify Trades in the main action, and Trades cross-moved, inter alia, for summary judgment declaring that Mt. Hawley is so obligated. The Supreme Court denied the motion and granted the aforementioned branch of the cross motion.

Contrary to the Supreme Court's conclusion, the conditions to coverage outlined in endorsement 102A are clear and unambiguous (*see Mt. Hawley Ins. Co. v Liberato,* 2010 WL 2653326, 2010 US Dist LEXIS 63600 [ED NY 2010]; *Mt. Hawley Ins. Co. v National Bldrs., LLC,* 2009 WL 1919611, 2009 US Dist LEXIS 58215 [SD NY 2009]; *see also Mt. Hawley Ins. Co. v Van Cortland Vil., LLC,* 2011 WL 5834255, 2011 US Dist LEXIS 134558 [SD NY 2011]). Each of the requirements in endorsement 102A is an express condition precedent to coverage, and the failure to comply with any one of them is a sufficient basis to disclaim coverage (*see Mt. Hawley Ins. Co. v National Bldrs., LLC,* 2009 WL 1919611, 2009 US Dist LEXIS 58215 [SD NY 2009]). Mt. Hawley established, prima facie, that Trades did not comply with all of the conditions outlined in endorsement 102A, and, in opposition, Trades failed to raise a triable issue of fact (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

Accordingly, the Supreme Court should have granted Mt. Hawley's motion for summary judgment and denied that branch of Trades' cross motion which was for summary judgment on the third-party complaint.

Since the third-party action is a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the severance of the third-party action and the entry of a judgment declaring that Mt. Hawley is not obligated to defend and indemnify Trades in the main action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Rivera, J.P., Chambers, Hall and Roman, JJ., concur.